| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO**<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: April 8, 2020 3:40 PM<br>FILING ID: 152F846056A91<br>CASE NUMBER: 2020CV30331 |
| **Plaintiff:** DARRYL GADSON<br><br>v.<br><br>**Defendants:** AMAZON.COM SERVICES, INC. a/k/a AMAZON.COM SERVICES LLC, RC ANDERSEN, L.L.C., AND LEXICON, INC., a/k/a LEXICON CONSTRUCTION AND FABRICATION d/b/a PROSPECT STEEL COMPANY | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff:*<br>Randee L. Stapp, #26202<br>THE FRICKEY LAW FIRM, P.C.<br>940 Wadsworth Boulevard, Suite 400<br>Lakewood, Colorado 80214<br>Telephone:    303.237.7373<br>Fax Number:  303.233.7313<br>E-mail:            rstapp@frickey.com | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff , by and through counsel, Randee L. Stapp of THE FRICKEY LAW FIRM, P.C., hereby submits the following *Complaint and Jury Demand* against the above-named Defendants:

## JURISDICTION AND VENUE

1. Plaintiff, Darryl Gadson, ("Plaintiff") is a resident of the State of Georgia.

2. Upon information and belief, Defendant Amazon.Com Services, Inc. a/k/a Amazon.com Services LLC ("Amazon") is a corporation organized and existing under the laws of the State of Colorado and conducting business in the State of Colorado with a Registered Agent listed as Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

Exhibit A-1

3. Upon information and belief, Defendant, RC Andersen, L.L.C. ("RC Andersen") is a corporation organized and existing under the laws of the State of Colorado and conducting business in the State of Colorado with a Registered Agent listed as Northwest Registered Agent, 1942 Broadway Street, Suite 314C, Boulder, Colorado 80302.

4. Upon information and belief, Defendant, Lexicon, Inc. a/k/a Lexicon Construction and Fabrication d/b/a Prospect Steel Company ("Lexicon") is a corporation organized and existing under the laws of the State of Colorado and conducting business in the State of Colorado with a Registered Agent listed as C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

5. Based upon information and belief, the incident which was caused by the above-named Defendants occurred April 12, 2018, at a construction site with an address of 14601 Grant Street, Thornton, Colorado 80023 (hereinafter "construction site").

6. This Court has subject matter jurisdiction concerning a tortious act.

7. Venue in this Court is proper pursuant to C.R.C.P. 98(c) because the tortious conduct giving rise to this *Complaint and Jury Demand* as Defendant RC Andersen is domiciled and conducting business in the County of Boulder, State of Colorado, and Plaintiff is seeking damages in excess of $100,000.00.

## GENERAL ALLEGATIONS

8. On April 12, 2018, Plaintiff was working in the course and scope of his employment as a fence installer for National Property Solution Group at the construction site when he grabbed a hot metal handrail causing him to jerk in a twisting motion causing injury to both his left hand and low back.

9. Based upon information and belief, moments before the incident, Defendant Lexicon's contractors, subcontractors and/or employees had welded the handrail and left it unattended which presented a dangerous condition to individuals working at the construction site.

10. Based upon information and belief, Defendant Amazon owned the construction site property located at 14601 Grant Street, Thornton, Colorado 80023.

11. Based upon information and belief, Defendant RC Andersen was hired by Amazon to manage and oversee the construction of a Robotics Fulfillment Center which was being built on the construction site.

12. Based upon information and belief Defendant Lexicon was hired by Amazon and/or Defendant RC Andersen to weld and construct metal handrails for the building at the construction site.

13. Based upon information and belief, when Plaintiff grabbed the hot metal handrail which had been recently welded and left unattended by employee(s), contractor(s) or subcontractor(s) of Lexicon, it caused Plaintiff to suffer injuries and damages.

14. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered injuries, damages, and losses including, but not limited to: physical injuries; physical impairment; disfigurement; past and future medical expenses; past and future pain and suffering; loss of enjoyment of life; loss of quality of life; past and future lost earnings; mental and emotional distress; and other economic and non-economic injuries, damages, and losses, all in amounts to be proven at trial.

## FIRST CLAIM FOR RELIEF
### (Premises Liability C.R.S. § 13-21-115)

15. Plaintiff incorporates the foregoing paragraphs herein.

16. At all relevant times, the provisions of C.R.S. § 13-21-115 were in effect.

17. Upon information and belief, all Defendants "landowners" of the construction site as they were responsible for the activities being conducted or existing on the construction site at the time the Plaintiff grabbed the hot metal handrail causing him injury.

18. Upon information and belief, all Defendant "landowners" were responsible for the activities being conducted or existing on the construction site at the time the Plaintiff grabbed the hot metal handrail causing him injury.

19. Plaintiff was lawfully on the premises as an invitee as defined by C.R.S. § 13-21-115(5).

20. Plaintiff was lawfully on the premises as a licensee as defined by C.R.S. § 13-21-115(5).

21. All Defendants were "landowners" as defined in C.R.S. § 13-21-115(1).

22. The unattended hot metal handrail was a dangerous condition.

23. All Defendants unreasonably failed to exercise reasonable care to protect Plaintiff from dangers (the hot metal handrail) of which they actually knew or should have known would cause individuals such as Plaintiff injuries.

24. All Defendants unreasonably failed to exercise reasonable care with respect to dangers (the hot metal handrail) of which they knew or unreasonably failed to warn Plaintiff of the danger which was not created by them, which was not ordinarily present on this type of property, and of which they actually knew causing individuals such as Plaintiff injuries.

25. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered injuries, damages, and losses including, but not limited to: physical injuries; physical impairment; disfigurement; past and future medical expenses; past and future pain and suffering; loss of enjoyment of life; loss of quality of life; past and future lost earnings; mental and emotional distress; and other economic and non-economic injuries, damages, and losses, all in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Negligence and Negligent Pre Se)

26. Plaintiff incorporates the foregoing paragraphs herein.

27. All Defendants had a duty to conduct themselves in a reasonably safe manner at the construction site so as to avoid causing harm to others.

28. As set forth further herein, all Defendants breached their duty of care by causing a hot metal handrail to be left unattended allowing individuals like Plaintiff who were unaware of the danger to grab the hot metal handrail causing injury.

29. Further, all Defendants breached their duty of care and were negligent and negligent per se by violating the below Occupational Safety and Health Standards:

> 29 C.F.R. § 1910.252(a)(1)(ii). Guards. If the object to be welded or cut cannot be moved, and if all the fire ("burn") hazards cannot be removed, then guards shall be used to confine the heat, sparks, and slag, and to protect the immovable fire hazards.

> 29 C.F.R. § 1910.252(b)(4)(vii). Warning Sign. After welding operations are completed, the welder shall mark the hot metal or provide some other means of warning other workers.

30. As a direct and proximate cause of Defendants' negligence, Plaintiff has suffered injuries, damages, and losses including, but not limited to: physical injuries; physical impairment; disfigurement; past and future medical expenses; past and future pain and suffering; loss of enjoyment of life; loss of quality of life; past and future lost earnings; loss of earning capacity; mental and emotional distress; and other economic and non-economic injuries, damages, and losses, all in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants for economic and non-economic damages, including but not limited to, past and future medical expenses, past and future pain and suffering, physical impairment, disfigurement costs, pre- and post-judgment interest and costs, as well as any other grounds for relief determined at trial or authorized by Colorado law.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

THE FRICKEY LAW FIRM, P.C.


<u>*s/ Randee Stapp*</u>
Randee L. Stapp, #26202
*Attorney for Plaintiff*

<u>Plaintiff's Address:</u>
1322 Bailey Avenue
Macon, GA 31204